UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PHILIP DATZ,

|  |  |
|---|---|
| Plaintiff, | ANSWER |
| -against- | CV12/1770(LDW)(WDW) |
| MICHAEL MILTON, in his individual and Official capacities, and the COUNTY OF SUFFOLK, | JURY TRIAL DEMANDED |
| Defendants. |  |

Defendants, by its attorney, Dennis M. Cohen, Suffolk County Attorney, by Richard T. Dunne, Assistant County Attorney, answering the plaintiff's Complaint respectfully:

1.      Avers that the allegations contained in the paragraphs numbered 1, 4, 9, 10, 20, 80, 81, 82, 86 and 125 of the Complaint characterize the legal action being brought and purport to invoke the jurisdiction of the Court pursuant to the enumerated statutes and, as such, makes no answer save to demand strict proof thereof and to deny any conduct giving rise to any cause of action thereunder.

2.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs numbered 6, 11, 12, 13, 14, 15, 17, 18, 21, 30, 32, 34, 35, 36, 38, 39, 40, 41, 42, 49, 50, 51, 55, 56, 60, 100 and 111 of the Complaint.

3.      Deny, the allegations contained in the paragraphs numbered 2, 3, 5, 29, 37, 43, 44, 45, 46, 47, 48, 52, 53, 54, 57, 58, 59, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 83, 84, 87, 88, 89, 90, 92, 94, 95, 96, 97, 98, 99, 102, 103, 104, 105, 106, 107, 108, 110, 113, 114, 115, 116, 118, 119, 120, 121, 122, 124, 126, 127, 128 and 129 of the Complaint.

4.      Deny the allegations contained in the paragraphs numbered 7 of the Complaint, except admits Michael Milton is a duly sworn Suffolk County Police Officer and was acting in his official capacity on July 29, 2011.

5.      Deny the allegations contained in the paragraphs numbered 8 of the Complaint, except admits the Suffolk County Police Department is a municipal entity within the County of Suffolk.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs numbered 22, 23, 24, 25, 26, 27 and 28 of the Complaint, except admits that a portion of the subject incident is on tape which speaks for itself with respect to the details.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph numbered 74 of the Complaint, except admits receipt of a purported notice of claim, and refer/refers all questions of law to the Court.

8.      Answering the paragraphs numbered 79, 85, 91, 101, 104, 109, 117 and 123 of the Complaint, repeat, reiterate and realleges each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

<u>AS AND FOR A FIRST AFFIRMATIVE DEFENSE</u>

9.      That the damages sustained by plaintiff, if any, were caused by the plaintiff's own culpable and/or negligent conduct.

<u>AS AND FOR A SECOND AFFIRMATIVE DEFENSE</u>

10.      That the Complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

<u>AS AND FOR A THIRD AFFIRMATIVE DEFENSE</u>

11.     That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

<u>AS AND FOR A FOURTH AFFIRMATIVE DEFENSE</u>

12.     That no custom or usage adopted, followed, endorsed or ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

<u>AS AND FOR A FIFTH AFFIRMATIVE DEFENSE</u>

13.     That the doctrines of respondent superior and vicarious liability do not apply to a civil rights claim.

<u>AS AND FOR A SIXTH AFFIRMATIVE DEFENSE</u>

14.     That municipal defendants are not liable for punitive damage awards.

<u>AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE</u>

15.     That this Court lacks subject matter jurisdiction.

<u>AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE</u>

16.     That defendant's actions, if any, were justified by the facts and circumstances presented.

<u>AS AND FOR A NINTH AFFIRMATIVE DEFENSE</u>

17.     That the arrest and/or detention, if any, were reasonable and based upon probable cause to believe that the plaintiff had committed a crime and/or offense.

<u>AS AND FOR A TENTH AFFIRMATIVE DEFENSE</u>

18.     That the defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

19.     That defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

20.     That defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

21.     That in performing such duties and responsibilities, defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

22.     That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

WHEREFORE, defendants demand judgment against the plaintiff dismissing the Complaint, together with the costs, disbursements and reasonable attorneys' fees of this action, and for such other and further relief as this Court deems just and proper.

Dated:  Hauppauge, New York
        May 2, 2012

Yours, etc.,
Dennis M. Cohen
Suffolk County Attorney
Attorney for Defendant
P.O. Michael Milton and
County of Suffolk
P.O. Box 6100
100 Veterans Memorial Highway
Hauppauge, New York 11788-0099
(631) 853-4049

By: _____
    Richard T. Dunne
    Assistant County Attorney

To:     Robert D. Balin
        DAVIS WRIGHT TREMAINE, LLP
        1633 Broadway, 27th Floor
        New York, N.Y. 10019-6708

4