

1633 Broadway
27th Floor
New York, NY  10019-6708

**Robert Balin**
212.603.6440 tel
212.379.5240 fax

robbalin@dwt.com

October 1, 2012

**BY CM/ECF**

Hon. William D. Wall
United States Magistrate Judge
United States District Court for the Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722
Courtroom 820

      Re:    Discovery Letter Motion,
                  *Datz v. Milton et al.*, No. 12 Civ. 1770 (LDW)(WDW)

Dear Magistrate Judge Wall:

      We are pro bono counsel to plaintiff Philip Datz in the above-referenced civil rights action.  Defendants Michael Milton and County of Suffolk have defaulted in responding to Plaintiff's First Set of Interrogatories and First Request for Production of Documents Documents, copies of which are annexed hereto as Exhibits A and B, respectively ("Plaintiff's Initial Discovery Requests").  Accordingly, pursuant to Local Civil Rules 37.1 and 37.3 and Your Honor's Individual Rule 3.A(i), we write to respectfully request that Your Honor issue an order directing: (i) that Defendants respond in full, without objection, to Plaintiff's Initial Discovery Requests by October 12, 2012; and (ii) that Plaintiff be awarded his reasonable attorneys' fees and costs associated with this letter motion.

      On August 15, 2012, pursuant to the schedule set forth in the Initial Scheduling Order (Dkt. #7), we served Plaintiff's Initial Discovery Requests on Defendants' counsel by first class mail.  A copy of the Affidavit of Service is annexed hereto as Exhibit C.  Plaintiff's Initial Discovery Requests required a response within thirty days from the date of service.  On September 5, 2012, I spoke with Defendants' counsel on the telephone and he indicated awareness of Plaintiff's Initial Discovery Requests but did not request an extension of time in which to respond.  Nevertheless, Defendants' counsel did not respond by September 19, 2012, which is the date upon which a response was due under the provision for service by mail in Fed. R. Civ. P. 6(d).

DWT 20431136v1 0200379-000001

Anchorage | New York | Seattle
Bellevue | Portland | Shanghai
Los Angeles | San Francisco | Washington, D.C.

www.dwt.com

Hon. William D. Wall
October 1, 2012
Page 2

      On September 21, my associate Sam Bayard emailed Defendants' counsel requesting that he promptly serve us with Defendants' discovery responses last week. (A copy of Mr. Bayard's email is attached as Exhibit D.) Although Mr. Bayard emailed Defendants' counsel at the email address listed on PACER (richard.dunne@suffolkcountyny.gov) and which we have used for previous email communications, counsel neither produced any discovery responses nor even bothered to respond to Mr. Bayard's email. On September 27, a full eight days after Defendants' discovery responses were due, I attempted to call Defendants' counsel regarding Defendants' default, in compliance with Local Civil Rule 37.3 and Your Honor's Individual Rule 3.A(i). Defendants' counsel was not in the office, so I left him a detailed voice message, in which I indicated that we needed to meet and confer regarding Defendants' default. I then wrote Defendants' counsel an email on September 27 summarizing my voice mail message and asking him to call me back on September 28 between 10:30 a.m. and 12:30 p.m. or between 2:30 p.m. and 5:30 p.m so that we could meet and confer regarding Defendants' default. (A copy of my email is attached as Exhibit E.)

      As of today, I still have not heard from Defendants' counsel, and Defendants have not responded to Plaintiff's Initial Discovery Requests. We accordingly request that this Court enter an order directing Defendants to fully respond to Plaintiff's Initial Discovery Requests—without objections, which Defendants have waived by not responding in a timely fashion—by October 12, 2012 and awarding Plaintiff the expenses and attorneys' fees they have been required to incur in making this letter motion. This relief is well within the Court's discretion under Fed. R. Civ. P. 37 and more than warranted given Defendants' utter failure to respond to Plaintiff's Initial Discovery Requests or follow-up communications regarding their default.

                                    Respectfully submitted,

                                      *s/Robert D. Balin*

                                    Robert D. Balin

Enclosures

cc:    Richard T. Dunne, Assistant County Attorney