UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PHILIP DATZ,

                      Plaintiff(s),                  **ORDER**
                                                                     CV 12-1770  (LDW) (WDW)

       -against-

MICHAEL MILTON, et al.,

                      Defendant(s).
-----------------------------------------------------------X

**WALL, Magistrate Judge:**

      Before the court is plaintiff's letter application dated October 1, 2012 seeking an order compelling responses to outstanding discovery demands. Docket Entry ("DE") [8]. Defendants have responded to the motion by letter dated October 4, 2012. DE [9].

      Plaintiff served document demands and interrogatories on August 15, 2012. Plaintiff's counsel details his good faith efforts to secure defendants' compliance before making this motion. Defendants' counsel responds that there was essentially a misunderstanding, and that he did not respond to plaintiff's counsel's attempts to confer on September 21st and 27th because, remarkably, he did not have anyone checking his emails or phone messages over that time period. He further states that defendants have the "intention" of responding during the week of October 9, 2012.

      Plaintiff's motion is granted to the extent that defendants are directed to comply with the outstanding discovery by **October 12, 2012.** Furthermore, defendants have waived any objections to the outstanding interrogatories. The Federal Rules of Civil Procedure provide that any ground or objection "not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). "It is well settled that a failure to assert objections to a discovery request in a timely manner operates as a waiver." *Eldaghar v. City of New York Dep't of Citywide Admin. Svces,* 2003 LEXIS 19247 *2 (S.D.N.Y. Oct. 20, 2003). In cases where, as here, no good cause has been shown for the late responses, a finding of waiver is appropriate. "Any other result would ignore the time limits set forth in the Federal rules of Civil Procedure, contribute further to the delay in resolving cases, and transform Article V of the Federal Rules of Civil Procedure from a structure of well-defined rights and obligations to a system of suggested, but non-binding, guidelines." *Id.* at * 3-4. The defendants here have not established good cause for their failure to respond to the demands in a timely fashion; thus, any objections defendants may have had to the interrogatories have been waived.

      The court declines to award sanctions at this time. However, if defendants fail to provide responses as required by this Order, plaintiff may renew his motion for sanctions.

Dated: Central Islip, New York                  **SO ORDERED:**
        October 4, 2012

                                                       /s/ William D. Wall
                                                       WILLIAM D. WALL
                                                       United States Magistrate Judge