

27th Floor
1633 Broadway
New York, NY 10019-6708

**Robert D. Balin**
212.603.6440 tel
212.379.5240 fax

robbalin@dwt.com

April 2, 2014

**BY CM/ECF**

Hon. William D. Wall
United States Magistrate Judge
United States District Court for the Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

Re:   *Datz v. Milton et al.*, No. 12 Civ. 1770 (LDW)(WDW)--
      **Joint Letter Motion Requesting Adjournment of
      Pre-Trial Conference Date and Pre-Trial Order**

Dear Magistrate Judge Wall:

      I am a member of Davis Wright Tremaine LLP, pro bono counsel to Plaintiff Philip Datz in the above-captioned action. On March 19, Your Honor issued an electronic order adjourning the pretrial conference in this matter to April 24, 2014, and requested that the parties notify the Court with alternative dates if necessary. I will be traveling out of the county on business during the week of April 21 and, as such, am unavailable on April 24. Accordingly, on behalf of the undersigned counsel for all parties, I write to propose the following alternative dates and times for the pre-trial conference, which are acceptable to all parties:

- **April 28, 2014**
- **April 29, 2014 (before 10 a.m. or after 12 p.m.)**
- **April 30, 2014 (after 12 p.m.)**

      Additionally, all parties jointly request that Your Honor adjourn the date for submission of a proposed pre-trial order. As Your Honor is aware, Plaintiff recently filed a pre-motion letter in anticipation of a summary judgment motion seeking a finding of liability on his civil rights claims against Defendant Milton for violation of Plaintiff's First and Fourth Amendment rights; for false arrest against both defendants; and for violation of the Privacy Protection Act against Defendant Suffolk County. In his motion, Plaintiff will also be seeking summary adjudication of defendant Milton's qualified immunity defense. *See Warren v. Dwyer*, 906 F.2d 70, 76 (2d Cir. 1990) (directing that when, as here, the facts are not in dispute, courts should "decide the issue of qualified immunity as a matter of law, preferably on a pretrial motion for summary judgment.").

Anchorage    New York       Seattle
Bellevue     Portland       Shanghai
Los Angeles  San Francisco  Washington, D.C.                    www.dwt.com

Hon. William D. Wall
April 1, 2014
Page 2


Resolution of the summary judgment motion will necessarily reduce the scope of the claims in suit and significantly limit the evidence and issues for trial—either because liability will have been summarily adjudicated in Plaintiff's favor on those claims or, conversely, because those claims will have been dismissed on qualified immunity grounds. Until, however, the Court rules on the summary judgment motion, the parties will not know what specific claims, issues and evidence remain for trial—making it impracticable for them to prepare a joint pre-trial order before the motion is decided. Accordingly, the parties jointly request that the Court adjourn the deadline for submission of the pretrial order until thirty (30) days after a decision is issued on Plaintiff's summary judgment motion.

Respectfully submitted,

*s/ Robert D. Balin*

Robert D. Balin
Davis Wright Tremaine LLP
*Counsel to Plaintiff*


Susan A. Flynn
Suffolk County Attorney's Office
*Counsel to Defendant Suffolk County*

Brian J. Davis
Law Office of Brian J. Davis
*Counsel to Defendant Michael Milton*